UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL FOUTS,

    Plaintiff,

v.                                             Case No.:  2:25-cv-1033-SPC-DNF

LEE COUNTY JAIL,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Michael Fouts' Complaint (Doc. 1). Fouts is a pretrial detainee in Lee County Jail, and he sues the jail under 42 U.S.C. § 1983. Fouts is proceeding *in forma pauperis*, so the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party

is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Fouts' allegations are vague and imprecise. The crux of his claim appears to be that due to the ignorance and laziness of Lee County Officers, "every week, my family comes to see me there is an excuse or an issue with the visitation screen[.]" (Doc. 1 at 4). Fouts claims he suffers from severe anxiety as a result. Fouts asserts Lee County violated his Eighth Amendment rights, but it is not clear how. All the Court can discern is that it has something to do with visitation.

To start, limitations on a pretrial detainee's ability to visit with family can give rise to a constitutional claim. *See Miller v. Carson*, 563 F.2d 741, 748

(5th Cir. 1977) ("In sum, contact visits, especially to detainees, are an appropriate, humane remedy, within the court's constitutional exercise of its judicial power."). When considering the constitutionality of restrictions on a pretrial detainee's opportunities for visitation, the proper inquiry is whether the restrictions amount to punishment. When faced with this inquiry,

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."

*Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) (cleaned up).

Fouts' complaint does not allege facts from which the Court can infer that jail officials are limiting his opportunities for family visits as a form of punishment, or that jail officials are otherwise violating his right to be free from punishment during his pre-trial detention. Thus, Fouts fails to state a plausible claim. To proceed, Fouts must file an amended complaint that includes a clear and plain statement of his claim, including the precise harm he suffered and the conduct, policy, or practice that caused the harm.

Accordingly, it is now

**ORDERED:**

Plaintiff Michael Fouts' Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Fouts a civil-rights complaint form. Fouts may file an amended complaint by **December 1, 2025**. Otherwise, the Court will enter judgment and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 17, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record